IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                    )
SALEH ALI ABDULLAH AL               )
    SALAMI, et al.,                 )
                                    )
        Petitioners,                )
                                    )
    v.                              )        Civil Action No. 05-CV-2452 (PLF)
                                    )
GEORGE W. BUSH,                     )
    President of the United States, )
    et al.,                         )
                                    )
        Respondents.                )
_____)
```

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO
PETITIONERS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Respondents hereby respectfully submit this memorandum in opposition to petitioners'

motion for entry of the protective order in this case.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X,

119 Stat. 2680 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241

to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other

actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and

creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to

address the validity of the detention of such aliens held as enemy combatants.  Id. § 1005(e)(1),

(h)(2).  The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee

appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court

that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act

---

[1]  Oral argument before the D.C. Circuit was held on March 22, 2006.

before deciding any pending motions.[2]  In light of this and given the new, statutory withdrawal of

the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with

respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the

Act.  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the

validity of any final decision of a Combatant Status Review Tribunal that an alien is properly

detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to

order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.

See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir.

1984) (request for relief in district court that might affect Court of Appeals' future, exclusive

jurisdiction is subject to the exclusive review of the Court of Appeals).

       In addition, petitioners possess no separate right of access to counsel that warrants the

application of the protective order to this action notwithstanding the Act's withdrawal of the

Court's jurisdiction over this case.  See Pets' Mot. at 1.  In Al Odah v United States, 346 F.

Supp. 2d 1 (D.D.C. 2004), Judge Kollar-Kotelly explained that, despite there being no absolute

right to counsel under the habeas statute, the Court, under its discretionary, statutory authority in

habeas cases — authority now withdrawn with the Act's withdrawal of district court habeas

jurisdiction — may appoint counsel to represent Guantanamo petitioners properly before the

Court, if warranted.  See id. at 4-5, 7-8.  Thus, contrary to petitioners' suggestion,

---

    [2]  In this vein, three other Judges of the Court have recently entered orders in each of the
Guantanamo detainee habeas cases pending before them denying without prejudice or holding in
abeyance all pending motions and staying "all action" in the cases pending resolution of the
effect of the Act.  See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et
al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006
Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.

notwithstanding the Act's withdrawal of jurisdiction over this case, <u>Al Odah</u> does not compel the relief requested by petitioners.

### A.    Petitioner Saleh Ali Abdullah Al Salami

Petitioners' accusation that respondents' initial inability to identify petitioner Al Salami as a detainee at Guantanamo Bay was "disingenuous" and an "obvious delay tactic" designed to prevent entry of the protective order in this case, <u>see</u> Pets' Mem. at 2-3, is false.  Given the similar names or aliases of many of the approximately 500 individuals detained at Guantanamo Bay, it is often difficult, if not impossible, to correctly identify detainees based on the minimal information provided in the petitions.  Indeed, respondents have yet to identify over 100 purported petitioners in other habeas cases as individuals presently detained at Guantanamo Bay.[3] In this case, the petition provided only names and nationalities of petitioner Al Salami and his father (the next friend petitioner), which were insufficient to confirm his identity.  Counsel for respondents requested additional information from counsel for petitioners, who forwarded a letter apparently sent from the detainee to his family.  Based on additional information contained in the letter, respondents were able to confirm the identity of petitioner Al Salami.  Petitioners' argument that, but for respondents' inability to identify petitioner Al Salami, they would have sought entry of the Protective Order earlier, <u>see</u> Pets' Mem. at 3, does not change the fact that respondents were initially unable to identify petitioner Al Salami and, thus, is of no moment. Now that the Act has withdrawn the Court's jurisdiction over this case, however, granting any relief to petitioners in this habeas proceeding would be improper.

---

[3] Moreover, there have already been two instances in which respondents incorrectly identified petitioners in the Guantanamo Bay detainee cases; errors which, unfortunately, were not discovered until counsel visited and interviewed these detainees at Guantanamo Bay.

### B.     *Petitioner Abdullah Al Sali Al Asoriya*

Respondents also oppose entry of the protective order in this case based on certain questions surrounding the legitimacy of the petition filed on behalf of Abdullah Al Sali Al Asoriya.

First, the Department of Defense has identified petitioner Al Asoriya as the same individual who already has a habeas petition pending in <u>Alsaaei v. Bush</u>, No. 05-CV-2369 (RWR). Thus, as reflected in the Notice of Multiple Petitions Filed by Guantanamo Bay Detainee being concurrently filed, the instant petition appears to be duplicative.

Second, respondents contest the propriety of the filing of a petition on behalf of Abdullah Al Sali Al Asoriya via an amendment to the petition in this case — as opposed to via a separate civil action — which attempts to circumvent the procedure already in place for the orderly assignment of cases. <u>See</u> LCvR 40.3(a) ("Except as otherwise provided by these Rules, civil, criminal and miscellaneous cases shall be assigned to judges of this court selected at random."); <u>cf.</u> LCvR 40.3(d) (petitions "for a *writ of habeas corpus* and complaints filed pursuant to 42 U.S.C. § 1983 filed by a petitioner incarcerated in the District of Columbia shall be randomly assigned" to judges).

Third, in any event, it has not been established that the petition filed on behalf of Abdullah Al Sali Al Asoriya is properly authorized. Petitioners have not demonstrated why this petition, not directly authorized by Mr. Al Asoriya but instead brought by other detainees claiming to act as his "next friends," should not be dismissed for lack of proper next friend standing. The putative "next friend" detainees, Omar Rajab Amin and Fayiz Al Kandari, bear the burden of establishing their next friend status and justifying the exercise of the Court's

- 4 -

jurisdiction over this action.  See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990) ("'[N]ext

friend' standing is by no means granted automatically to whomever seeks to pursue an action on

behalf of another.").  To do so, they must satisfy the "two firmly rooted prerequisites" articulated

by the Supreme Court in Whitmore: (1) they must demonstrate that the detainee on whose behalf

they claim to file a petition for writ of habeas corpus cannot challenge the legality of his

detention himself; and (2) they must have a significant relationship with this detainee in order to

demonstrate that they are truly dedicated to the detainee's best interests.  Id. at 163-64.  The

petition filed on behalf of Abdullah Al Sali Al Asoriya fails to meet either requirement.

Notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, if petitioners are

unable to demonstrate that the petition was filed by a legitimate next friend, the Court cannot

exercise jurisdiction over the petition, and the petition must be dismissed for lack of standing.[4]

---

[4] Respondents have challenged the standing of other detainees purporting to act as "next
friends" in a number of other cases, and some Judges of the Court have transferred such motions
before them to Judge Oberdorfer for decision.  See, e.g., Ahmed Doe v. Bush, No. 05-CV-1458
(ESH) (dkt. no. 8); Nabil v. Bush, No. 05-CV-1504 (RMC) (dkt. no. 8); Al Hawary v. Bush, No.
05-CV-1505 (RMC) (dkt. no. 10); Shafiiq v. Bush, No. 05-CV-1506 (RMC) (dkt. no. 10); Idris
v. Bush, No. 05-CV-1555 (JR) (dkt. no. 6); Al Razak v. Bush, No. 05-CV-1601 (GK) (Minute
Order dated November 14, 2005); Kabir v. Bush, No. 05-CV-1704 (JR) (dkt. no. 18); Qasim v.
Bush, No. 05-CV-1779 (JDB) (dkt. no. 4); Zakirjan v. Bush, No. 05-CV-2053 (HHK) (dkt. no.
17); Muhammed v. Bush, No. 05-CV-2087 (RMC) (dkt. no. 11).  Judge Oberdorfer dismissed
the next friend petitioner in Idris v. Bush because the detainee for whom habeas relief was
purportedly sought also filed a pro se petition for habeas corpus.  See Idris v. Bush, No. 05-CV-
1555 (JR) (dkt. no. 8).  Judge Oberdorfer dismissed respondents' motions for order to show
cause in Zakirjan v. Bush and Muhammed v. Bush as moot based on the petitioners there,
subsequent to filing of the petitions, providing evidence of direct authorization of the petition by
the detainees for whom habeas relief is sought in those cases.  See Zakirjan v. Bush, No. 05-CV-
2053 (HHK) (dkt. no. 24); Muhammed v. Bush, No. 05-CV-2087 (RMC) (dkt. no. 17).  In some
of the other cases, Judge Oberdorfer granted respondents' motion for order to show cause and set
a hearing for December 5, 2005, which has been continued pending additional efforts by counsel
to attempt to establish adequate next friend standing in these cases.  See, e.g., Ahmed Doe v.
Bush, No. 05-CV-1458 (ESH) (dkt. nos. 10, 16).  On March 21, 2006, Magistrate Judge Kay
issued an order in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 36), which, if not modified

It is well-established that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue" under Article III of the Constitution.  <u>Whitmore</u>, 495 U.S. at 154.  The standing doctrine "ensure[s] that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate in a society that takes seriously both the idea of separation of powers and, more fundamentally, the system of democratic self-government that such separation serves."  <u>Hamdi v. Rumsfeld</u>, 294 F.3d 598, 602-03 (4th Cir. 2002) (citation and internal quotations omitted).[5]  "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975).  A habeas petitioner has proper standing only if the petition is "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242.  If a petition is brought by someone acting on behalf of the person for whose relief the petition is intended, this "next friend" does not become a party to the action, but "simply pursues the cause on behalf of the detained person, who remains the real party in interest."  <u>Whitmore</u>, 495 U.S. at 163.

---

on reconsideration, could potentially impact proceedings with respect to such efforts. Respondents' motion for reconsideration with respect to the <u>Adem</u> order is not yet due, however.

[5]  The cited 2002 decision of the Fourth Circuit in <u>Hamdi</u> ordered dismissal of a habeas case that a public defender and private citizen brought as purported next friends of Hamdi despite having no relationship with him.  That deficiency was cured when Hamdi's father filed a legitimate next-friend petition bearing the same style, which eventually culminated in the 2004 decision of the Supreme Court in <u>Hamdi v. Rumsfeld</u>, 124 S. Ct. 2633 (2004).  <u>See Hamdi</u>, 294 F.3d at 600 n.1, 606-07 & n.4; <u>see also Hamdi</u>, 124 S. Ct. at 2636.  Of course, neither the fact that the defect was cured, nor the Supreme Court's ultimate decision in the properly filed habeas case, undermines or casts doubt on the Fourth Circuit's holdings concerning next friend standing in the defective case brought by the public defender and private citizen.

- 6 -

Next friend standing is not automatically granted to anyone who seeks to pursue an action

on behalf of another person, however.  See id.  Rather, consistent with the constitutional limits

established by Article III, a litigant who asserts next friend standing bears the burden of

satisfying the "two firmly rooted prerequisites" for next friend status articulated by the Supreme

Court in Whitmore:

> First, a "next friend" must provide an adequate explanation — such
> as inaccessibility, mental incompetence, or other disability — why
> the real party in interest cannot appear on his own behalf to
> prosecute the action.  Second, the "next friend" must be truly
> dedicated to the best interests of the person on whose behalf he
> seeks to litigate, and it has been further suggested that a "next
> friend" must have some significant relationship with the real party
> in interest.

Id. at 163-64 (internal citations omitted).

The petition filed on behalf of Abdullah Al Sali Al Asoriya in the above-captioned case

does not meet either prong of the Whitmore test.  First, petitioners have failed to demonstrate that

the detainee for whom habeas relief is sought cannot submit a petition on his own behalf.  As

explained in the Declaration of Frank Sweigart, the Department of Defense ("DoD") has notified

each detainee at Guantanamo Bay of his right to file a petition for habeas corpus, and has

provided each detainee with the address of the United States District Court in the event that he

desires to submit his own petition to the Court.[6]  See (Second) Sweigart Declaration, ¶¶ 3-5

(attached hereto as Exhibit A).  As a result of these notifications, 56 pro se petitions for writ of

---

[6] Detainees are afforded the opportunity regularly to send and receive mail through the
mail system administered by DoD and through the International Committee for the Red Cross.
Detainees are supplied pens, paper and envelopes regularly, and mail privileges cannot be
revoked.  See Sweigart Declaration, Ex. D.

habeas corpus have already been filed with the Court.[7]  Furthermore, DoD has taken affirmative steps to facilitate legal representation for detainees who have indicated a desire to challenge the legality of their detention by providing such detainees with a form to complete and mail to the American Bar Association ("ABA"), which has agreed to recruit volunteer counsel for detainees desiring representation.  See id., ¶ 7.  In addition, all detainees at Guantanamo Bay have the ability to send and receive mail, allowing them to contact family and friends, see id., Ex. D;

---

[7]  As of September 19, 2005, the date that the Sweigart Declaration was executed, there were 55 pro se petitions filed with the Court.  See Khiali-Gul v. Bush, No. 05-CV-0877 (JR); Rahmattulah v. Bush, No. 05-CV-0878 (CKK); Mohammad v. Bush, No. 05-CV-0879 (RBW); Nasrat v. Bush, No. 05-CV-0880 (ESH); Slahi v. Bush, No. 05-CV-0881 (JR); Rahman v. Bush, No. 05-CV-0882 (GK); Bostan v. Bush, No. 05-CV-0883 (RBW); Muhibullah v. Bush, No. 05-CV-0884 (RMC); Mohammad v. Bush, No. 05-CV-0885 (GK); Wahab v. Bush, No. 05-CV-0886 (EGS); Chaman v. Bush, No. 05-CV-0887 (RWR); Gul v. Bush, No. 05-CV-0888 (CKK); Basardh v. Bush, No. 05-CV-0889 (ESH); Khan v. Bush, No. 05-CV-0890 (RMC); Nasrullah v. Bush, No. 05-CV-0891 (RBW); Shaaban v. Bush, No. 05-CV-0892 (CKK); Sohail v. Bush, No. 05-CV-0993 (RMU); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB); Slahi v. Bush, No. 05-CV-0995 (JR); Mohammad v. Bush, No. 05-CV-0996 (JR); Khudaidad v. Bush, No. 05-CV-0997 (PLF); Al Karim v. Bush, No. 05-CV-0998 (RMU); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW); Sarajuddin v. Bush, No. 05-CV-1000 (PLF); Kahn v. Bush, No. 05-CV-1001 (ESH); Mohammed v. Bush, No. 05-CV-1002 (EGS); Mangut v. Bush, No. 05-CV-1008 (JDB); Hamad v. Bush, No. 05-CV-1009 (JDB); Khan v. Bush, No. 05-CV-1010 (RJL); Zuhoor v. Bush, No. 05-CV-1011 (JR); Ali Shah v. Bush, No. 05-CV-1012 (ESH); Salaam v. Bush, No. 05-CV-1013 (JDB); Mammar v. Bush, No. 05-CV-1233 (RCL); Ahmed v. Bush, No. 05-CV-1234 (EGS); Baqi v. Bush, No. 05-CV-1235 (PLF); Abdulzaher v. Bush, No. 05-CV-1236 (RWR); Aminullah v. Bush, No. 05-CV-1237 (ESH); Ghalib v. Bush, No. 05-CV-1238 (CKK); Al Khaiy v. Bush, No. 05-CV-1239 (RJL); Altaiy v. Bush, No. 05-CV-1240 (RCL); Bukhari v. Bush, No. 05-CV-1241 (RMC); Pirzai v. Bush, No. 05-CV-1242 (RCL); Peerzai v. Bush, No. 05-CV-1243 (RCL); Alsawam v. Bush, No. 05-CV-1244 (CKK); Mohammadi v. Bush, No. 05-CV-1246 (RWR); Al Ginco v. Bush, No. 05-CV-1310 (RJL); Ullah v. Bush, No. 05-CV-1311 (RCL); Al Bihani v. Bush, No. 05-CV-1312 (RJL); Sadkhan v. Bush, No. 05-CV-1487 (RMC); Faizullah v. Bush, No. 05-CV-1489 (RMU); Faraj v. Bush, No. 05-CV-1490 (PLF); Khan v. Bush, No. 05-CV-1491 (JR); Ahmad v. Bush, No. 05-CV-1492 (RCL); Amon v. Bush, No. 05-CV-1493 (RBW); Idris v. Bush, No. 05-CV-1555 (JR).  Since that date, one additional pro se petition has been filed.  See Jamolivich v. Bush, No. 05-CV-2112 (RBW).

supra, note 4, and they have been informed of the option of contacting friends and family to have

them file habeas petitions on their behalf.

Given that all detainees have been notified of their right to submit petitions for writ of

habeas corpus; that they have the ongoing opportunity to send mail to family, friends, and the

Court; and that the ABA has agreed to offer the detainees assistance in securing legal

representation, it cannot simply be assumed that Mr. Asoriya cannot submit a petition on his own

behalf.  The next friend petition in this case, however, does just that.  <u>See</u> First Amended

Petition, ¶ 6 ("Because Al Asoriya has been denied access to legal counsel and to the courts of

the United States, Omar Rajab Amin and Fayiz Al Kandari act as his Next Friends.").  <u>See</u> <u>also</u>

<u>Ahmed v. Bush</u>, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12) ("The

petition presumes, rather than demonstrates through facts, that Ahmed has been denied access to

the courts of the United States. . . . In light of the fact that several <u>pro se</u> petitions have been filed

recently by Guantanamo Bay detainees, Ahmed's lack of access to this court cannot be presumed,

but must be established.");[8] <u>Hamlily v. Bush</u>, No. 05-CV-0763 (JDB) (Order dated October 3,

---

[8]  The issue of next friend standing was raised <u>sua sponte</u> by Judge Roberts in <u>Ahmed v. Bush</u>, No. 05-CV-0665 (RWR), another Guantanamo Bay detainee case.  Based on an observation that the petition presented scant facts demonstrating that the <u>Whitmore</u> requirements were satisfied, Judge Roberts ordered petitioners to file a memorandum and supporting materials tending to demonstrate that the detainee who purported to act as next friend in that case should be granted next friend standing.  <u>See</u> <u>Ahmed v. Bush</u>, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12).  Petitioners filed a memorandum in response to the Court's Order, in an attempt to demonstrate that both prongs of the <u>Whitmore</u> test were satisfied.  <u>See</u> <u>Ahmed v. Bush</u>, No. 05-CV-0665 (RWR) (dkt. no. 13).  Although respondents filed a response to petitioners' memorandum indicating that they took no position on petitioners' memorandum at that time, <u>see</u> <u>Ahmed v. Bush</u>, No. 05-CV-0665 (RWR) (dkt. no. 14), and the Court in that case did not issue any subsequent ruling on the issue, respondents now seek to challenge next friend standing in certain recently-filed Guantanamo Bay detainee cases in which the appropriate next friend standing requirements have not been satisfied.

2005) (dkt. no. 16) ("[The petition] states only that [Hamlily] is 'being held essentially incommunicado' and that 'his family members have not been able to contact U.S. counsel to file a petition on his behalf.' . . . There is a serious question as to whether this alone is sufficient to establish Hamlily's inability to prosecute this action on his own behalf.");[9] Ahmed Doe v. Bush, No. 05-1458 (ESH), et al., (Order dated November 4, 2005) (dkt. no. 10) (Oberdorfer, J.) ("Petitioners do not explain why the detainees that they purport to represent as next friends are in a materially different position than the detainees who have filed petitions with this Court.").

Absent evidence that Mr. Al Asoriya cannot submit a petition on his own behalf, petitioners cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petition.  See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'") (citations omitted).

The purported "next friends" in this case have also failed to satisfy the second requirement of the Whitmore test — they have not established that they have a "significant relationship" with the detainee on whose behalf habeas relief is sought such that they are "truly dedicated to [his] best interests."  See Whitmore, 495 U.S. at 163-64.[10]  The requirement of a

_____

[9]  On October 31, 2005, Judge Bates discharged the order to show cause regarding next friend standing that he entered sua sponte in Hamlily v. Bush based on counsel's showing that the detainee in that case directly requested legal representation and authorized counsel's filing of the petition.  See Order dated October 31, 2005 in Hamlily v. Bush, No. 05-CV-0763 (JDB) (dkt. no. 19) (discharging order to show cause and dismissing next friend petitioner in the case). Judge Bates noted, however, that "counsel's filing fail[ed] to address several of the serious deficiencies in next friend standing" raised in the Court's order to show cause.  See id. at 2.

[10]  The majority of Circuits that have been confronted with the issue have construed Whitmore to require a "significant relationship" as part of the second prong of the test for next friend standing.  See Hamdi v. Rumsfeld, 294 F.3d 598, 604 (4th Cir. 2002) ("Whitmore is thus

"significant relationship" with the real party in interest is necessary to ensure that a next friend

will genuinely pursue the interests of the person in custody (who at all times remains the real

party in interest) and will not (1) merely use the litigation as a vehicle for advancing his own

agenda or (2) assume he or she is in tune with the real party's desires and interests. See id. at 164

(cautioning against "intruders or uninvited meddlers" filing lawsuits on behalf of unwitting

strangers).

Thus, under the "significant relationship" requirement, courts have generally limited next

friend standing to close relatives such as parents, siblings, and spouses. See, e.g., Vargas v.

Lambert, 159 F.3d 1161, 1168 (9th Cir. 1998) (mother); Hamdi, 294 F.3d at 600 n.1 (father);

---

most faithfully understood as requiring a would-be next friend to have a significant relationship
with the real party in interest."); Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d
1153, 1162 (9th Cir. 2002) ("Combining the 'significant relationship' requirement, however,
with the 'dedicated to best interests' consideration . . . meets the concerns the Whitmore Court
addressed."); T.W. v. Brophy, 124 F.3d 893, 897 (7th Cir. 1997) ("It follows, as the Court
suggested in the Whitmore case, that not just anyone who expresses an interest in the subject
matter of a suit is eligible to be the plaintiff's next friend – that he 'must have some significant
relationship with the real party in interest'"); Amerson v. Iowa, 59 F.3d 92, 93 n.3 (8th Cir. 1995)
(under Whitmore, the "next friend has [the] burden to establish . . . that she has some "significant
relationship with [the] real party in interest"); Zettlemoyer v. Horn, 53 F.3d 24, 27 n.4 (3d Cir.
1995) (observing that "[t]he Whitmore Court also . . . suggested that the party 'must have some
significant relationship with the real party in interest'"). See also Al Odah v. Bush, 321 F.3d
1134, 1138 (D.C. Cir. 2003), rev'd on other grounds, Rasul v. Bush, 542 U.S. 466 (2004) (stating
that the family members of Guantanamo detainees who filed habeas petitions on their behalf
"demonstrated through affidavits that they are 'truly dedicated to the best interests of these
individuals,' [and] that they have a 'significant relationship' with the detainees . . .") (citing
Whitmore, 495 U.S. at 163-64). Although the Eleventh Circuit questioned whether Whitmore
established "some significant relationship" as an independent requirement, it nevertheless noted
the importance of a relationship in demonstrating whether a putative next friend "can show true
dedication to the best interests of the person on whose behalf he seeks to litigate." Sanchez-
Velasco v. Secretary of the Dep't of Corrections, 287 F.3d 1015, 1026-27 (11th Cir. 2002). See
also Centobie v. Campbell, 407 F.3d 1149, 1151 (11th Cir. 2005) ("We conclude that Puzone is
not 'truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate,' and
she does not have 'some significant relationship with the party in interest.'") (citing Hauser v.
Moore, 223 F.3d 1316, 1322 (11th Cir. 2000)).

Smith ex rel. Missouri Pub. Defender Comm'n v. Armontrout, 812 F.2d 1050 (8th Cir. 1987) (brother); In re Ferrens, No. 4746, 8 F. Cas. 1158, 1159 (S.D.N.Y. 1869) (wife).  Attorneys who have previously represented an individual seeking habeas corpus have also been permitted to act as next friends based on that pre-existing relationship.  See Sanchez-Velasco, 287 F.3d at 1026 ("'[S]ome significant relationship' does exist when the would-be next friend has served in a prior proceeding as counsel for the real party in interest and did so with his consent.").  Distant relatives or simple acquaintances generally do not have a sufficient relationship to establish next friend standing, see, e.g., Davis v. Austin, 492 F. Supp. 273, 274-76 (N.D. Ga. 1980) (neither detainee's first cousin nor a minister who had counseled detainee could sue as next friend) (cited with approval in Whitmore, 495 U.S. at 164), and petitions filed by total strangers purporting to act as next friends are typically dismissed for lack of jurisdiction.  See, e.g., Hamdi, 294 F.3d at 603-07 (dismissing petitions brought by a public defender and private citizen who had no relationship to the detainee).

        In the above-captioned case, the putative next friend petitioners have failed to demonstrate that they have any sort of "significant relationship" with Mr. Al Asoriya.  The "next friend authorization" submitted in this case is a declaration by the purported next friends' own habeas counsel, who indicates that his clients told him that Mr. Al Asoriya wants legal representation to challenge his detention, without stating any legitimate basis for their belief beyond the fact that they have also been detained at Guantanamo Bay.[11]  See Declaration of Neil

────────────────────

        [11]  If a detainee were able to act as next friend for another detainee simply based on the mere fact that they are both detained at Guantanamo, detainees or prisoners could purport to bring mass habeas corpus petitions simply by being able to list the identities of those detained alongside them, a situation that is surely inconsistent with standing jurisprudence.  See Othman v. Bush, No. 05-CV-2088 (RWR) (dkt. no. 2) ("The petition's characterization of Al Wahab as

H. Koslowe, attached to First Amended Petition.  The dearth of any basic biographical and

personal information about Mr. Al Asoriya indicates that the purported next friends do not share

any meaningful relationship with him and, therefore, cannot be determined to be acting in his

best interests.[12]  Because even acquaintances cannot satisfy the requirement of a significant

relationship under Whitmore, and the minimal information presented in the petition indicates that

the purported next friends merely know of other detainees or, at best, are mere acquaintances

with the detainee on whose behalf they seek habeas relief, the purported next friends have failed

to demonstrate that they are "truly dedicated to [Abdullah Al Sali Al Asoriya's] best interests."

Whitmore, 495 U.S. at 163.  Absent proof that evidences a significant relationship, petitioners

---

Othman's "companion" is an insufficient showing upon which to make any judgment about Al
Wahab's fitness to serve[] as next friend.  The companionship may be by dint of mere fortuity of
co-location in detention with no more substance to the relationship than that.").

[12]  See also Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt.
no. 12) ("The petition does not provide basic personal facts about Ahmed, such as his
citizenship, his age, whether he is married or has a family, the place of his arrest or capture, and
the places of detention, if any, prior to his being transported to Guantanamo Bay.  The absence of
such facts leaves the impression that Hassen does not know even this much about Ahmed and his
situation."); Hamlily v. Bush, No. 05-CV-0763 (JDB) (Order dated October 3, 2005) (dkt. no.
16) ("The Court notes the total lack of any basic facts about Hamlily in the petition or other
filings in this case -- most notably, the absence of any details concerning Hamlily's individual
conditions of confinement (in contrast to the detainee population at large), including
interrogations of Hamlily, inadequacies in his diet or medical care, or restrictions on, or
interference with, the practice of his religion.  This lack of necessary factual information suggests
that Aamer does not have a 'significant relationship' with Hamlily."); Othman v. Bush, No. 05-
CV-2088 (RWR) ("The petition alleges no facts and attaches no declarations or affidavits about
the length or nature of the acquaintance, the basis for the Court to trust that Al Wahab will
pursue Othman's best interests, or even whether Al Wahab has discussed his proposed next
friend status with Othman and received Othman's consent.").

cannot demonstrate proper next friend standing, and the Court cannot exercise jurisdiction over the petition in the above-captioned case.[13]

In sum, the petition filed on behalf of Abdullah Al Sali Al Asoriya fails to satisfy the standing requirements articulated by the Supreme Court in Whitmore. Jurisdiction must be established and this case must be properly before the Court before any proceedings may commence, including counsel access to petitioners pursuant to the Protective Order.[14] Notwithstanding the Act's withdrawal of the Court's jurisdiction over this case, if petitioners are unable to demonstrate that the petition filed on behalf of Abdullah Al Sali Al Asoriya was filed by a legitimate next friend, the Court cannot exercise jurisdiction over the petition, and the petition must be dismissed for lack of standing.

* * *

---

[13] Approximately 200 detainees at Guantanamo Bay have filed petitions for writ of habeas corpus through family members who arguably meet the "significant relationship" requirement. See, e.g., Hatim v. Bush, No. 05-CV-1429 (RMU) (filed on behalf of two detainees by their siblings, Fatima Nasser Yahia Abdullah Kussrof and Ali Mohammed Saleh Al-Salahi); Rabbani v. Bush, No. 05-CV-1607 (JR) (filed on behalf of two detainees by their wives, Malika and Fouzia Ahmmed); Sadkhan v. Bush, No. 05-CV-1679 (RJL) (filed on behalf of detainee by his father, Jabbar Sadkhan Al-Sahlani).

[14] Even the Protective Order and counsel access procedures typically made applicable in Guantanamo detainee habeas cases provides that "[p]rior to being permitted access to the detainee," counsel must "provide evidence of his or her authority to represent the detainee." See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. Nov. 8, 2004), Ex. A, § III.C.1. Counsel has yet to provide sufficient evidence of their "authority to represent" the detainees for whom habeas relief is purportedly sought, i.e., to demonstrate the satisfaction of the requirements of next friend standing in this matter. The Protective Order thus contemplates counsel access to the detainees (including privileged mail correspondence and visits to Guantanamo Bay) only in cases properly before the Court.

- 14 -

For these reasons, petitioners' motion for entry of the protective order in this case should be denied.

Dated: March 27, 2006                          Respectfully submitted,

                                               PETER D. KEISLER
                                               Assistant Attorney General

                                               DOUGLAS N. LETTER
                                               Terrorism Litigation Counsel

                                               _____/s/ Preeya M. Noronha_____
                                               JOSEPH H. HUNT (D.C. Bar No. 431134)
                                               VINCENT M. GARVEY (D.C. Bar No. 127191)
                                               TERRY M. HENRY
                                               JAMES J. SCHWARTZ
                                               PREEYA M. NORONHA
                                               ROBERT J. KATERBERG
                                               NICHOLAS J. PATTERSON
                                               ANDREW I. WARDEN
                                               EDWARD H. WHITE
                                               MARC A. PEREZ
                                               Attorneys
                                               United States Department of Justice
                                               Civil Division, Federal Programs Branch
                                               20 Massachusetts Ave., N.W.
                                               Washington, DC  20530
                                               Tel:  (202) 514-4107
                                               Fax:  (202) 616-8470

                                               Attorneys for Respondents