IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SALAH ALI ABDULLAH AHMED AL SALAMI, *et al.*,<br>    *Petitioners/Plaintiffs*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>    *Respondents/Defendants*. | Civil Action No. 05-CV-2452 (PLF) |

### RESPONSE TO RESPONDENTS' NOTICE OF MULTIPLE PETITIONS FILED BY GUANTÁNAMO BAY DETAINEE

Petitioner Abdullah Al Sali Al Asoriya hereby responds to Respondents' Notice of Multiple Petitions Filed by Guantánamo Bay Detainee (the "Notice"). In support of this Response, Petitioner relies upon the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

This matter was referred to counsel for the Petitioner by the Center for Constitutional Rights ("CCR"), co-counsel to Petitioner herein. Subsequent to filing a petition for habeas corpus, Petitioner filed a Motion for the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, ("Amended Protective Order").[1]

On March 27, 2006, Respondents filed a Memorandum in Opposition to Petitioners' Motion for Entry of Protective Order ("Opposition"). Concurrently, Respondents filed the Notice.

---

[1] The Amended Protective Order was first issued on November 10, 2004 in *In re Guantánamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and since entered in related *habeas* proceedings before this Court and the Courts of this District. *See, e.g., Wahab v. Bush*, 05-886 (D.D.C. Jan. 10. 2005).

On February 15, 2006, prior to filing their Opposition and Notice, Respondents copied counsel for Petitioner on an e-mail communication sent to counsel in *Alsaaei v. Bush*. In this e-mail, Respondents stated, *inter alia*:

> I am able to inform you that we have discovered that Mr. Alsaaei has another petition pending on his behalf, which was filed subsequent to your petition. I am attaching that petition (Al Salami v. Bush, No. 05-2452 (PLF) - petitioner Abdullah Al Sali Al Asoriya) to this e-mail, and am copying counsel in that case, David Gunn.

*See* February 15, 2006 E-mail from Preeya M. Noronha (attached hereto as Exhibit A).

Counsel for Petitioner Al Asoriya promptly initiated contact with counsel in *Alsaaei v. Bush* in order to compare any identifying information pertaining to the two detainees. Based on a thorough investigation of all evidence available to counsel for both detainees, counsel for Petitioner were unable to confirm Respondents' assertion that duplicative petitions had been filed with the Court.

Counsel for Petitioner know the following about detainee Al Asoriya: (1) he is a citizen of Saudi Arabia; (2) he is presently incarcerated in Guantanamo Bay; (3) his next friends are Omar Rajib Amin and Fayiz Al Kandari; and (4) his unique Internment Serial Number ("ISN") number is 340. *See* First Amended Petition For Writ of Habeas Corpus at ¶ 5 (*citing* Declaration of Neil H. Koslowe). Counsel in *Alsaaei v. Bush* do not have detainee Alsaaei's ISN number, and therefore, counsel for Petitioner cannot determine whether our petition is duplicative based on this unique identifier. Additionally, counsel for detainee Alsaaei's review of a Combatant Status Review Tribunal transcript ("CSRT Transcript," attached hereto as Exhibit B)[2] recently released by the Department of Defense give counsel for Petitioner reason to believe that the CSRT transcript, relating to a detainee with ISN #340, contains information that is contradictory to identifying information relating to detainee Alsaaei. Specifically, according to

---

[2] The CSRT Transcript is available on the DoD's web site at
http://www.defenselink.mil/pubs/foi/detainees/csrt/Set_29_2001-2047.pdf

2

the CSRT transcript, the detainee with ISN #340 is older than detainee Alsaaei and the narrative of how he was ultimately captured in Pakistan is inconsistent with the information that counsel for Alsaeei gathered about their client. Counsel for Petitioner are therefore aware of only one similarity between the detainees Al Asoriya and Alsaaei: the two detainees share the same country of origin, Saudi Arabia. This sole similarity is an insufficient basis for counsel for Petitioner to conclude that a duplicative petition has been filed.

Accordingly, on March 16, 2006, counsel for Petitioner sent a reply e-mail to Respondents in an attempt to confer with Respondents on the issue. *See* March 16, 2006 E-mail from Reginald B. McKnight (attached hereto as Exhibit C). In that e-mail, counsel for Petitioner related that they were not in possession of any information confirming that detainees Al Asoriya and Alsaaei are the same detainees and requested that Respondents provide them with any information upon which they relied in asserting that counsel for Petitioner filed a duplicative petition. Specifically, counsel for Petitioner requested that Respondents provide information establishing that the names on both petitions can be traced to the same unique ISN, in addition to information pertaining to any aliases, physical characteristics, and other identifying data demonstrating that the two detainees are the same individual. To date, counsel for Petitioner have not received a response from Respondents.

In conclusion, after a thorough investigation of all available evidence, counsel for Petitioner can not confirm that we have filed a petition on behalf of an already-represented detainee in *Alsaaei v. Bush*. Respondents have yet to provide counsel for Petitioner or the Court with any evidence establishing that their petition on behalf of Al Asoriya is duplicative. Should Respondents provide counsel or the Court with sufficient evidence that Petitioner is already

3

represented, counsel would willingly move to dismiss Petitioner's Al Asoriya habeas corpus petition.[3]

Although counsel is representing Petitioner Al Asoriya on a *pro bono* basis, counsel takes seriously its ethical duty to vigorously represent Petitioner Al Asoriya. Accordingly, counsel cannot simply move to dismiss his case without evidence that such dismissal is warranted. Counsels' ethical duty is heightened by Respondents' own admission that "there have already been two instances in which respondents incorrectly identified petitioners in the Guantánamo Bay detainee cases; errors which, unfortunately, were not discovered until counsel visited and interviewed these detainees at Guantánamo Bay. *See* Respondents' Memorandum in Opposition to Petitioners' Motion for Entry of Protective Order ("Opp.") at 3, n.3.[4]

Counsels' concern is heightened by Respondents' acknowledgement that "[g]iven the similar names or aliases of many of the approximately 500 individuals detained at Guantánamo Bay, *it is often difficult, if not impossible*, to correctly identify detainees based on the minimal information provided in the petitions." *Id.* at 3 (emphasis added).[5] Indeed, Respondents initially made an error of identification with regard to counsel's representation of another Guantánamo Bay detainee, Abd Al Hakim Ghalib Ahmad Alhag. *See Alhag v. Bush* No. 05-2199 (HHK). After counsel filed a habeas petition on behalf of detainee Alhag, Respondents initially asserted that no such detainee was being held at Guantánamo Bay. *See* November 17, 2005 E-mail from

---

[3] As Respondents are aware, counsel moved to dismiss the habeas corpus petition filed on behalf of another detainee at Guantánamo Bay after independently verifying—by speaking to Al-Mothafri's family—that counsel had filed a subsequent duplicative petition. Unfortunately, counsel are not able to use a similar approach in this case because they lack any contact information for Mr. Al Asoriya's family. *See Al-Mothafri v. Bush*, Civil Action No. 05-2200 (JDB).

[4] As discussed in Petitioner's Reply Brief filed concurrently with this Response, the most conclusive way to resolve the detainee identification issue in light of the Government's acknowledgment of error in identifying other detainees is to enter a Protective Order and allow Petitioners to meet with counsel.

[5] By making the above argument based on the Government's own assertion, counsel for Petitioner is in no way intimating that Respondents have intentionally sought to mislead counsel for Petitioner; rather, Respondents' statements highlight the opportunity for error in such circumstances.

Preeya M. Noronha (attached hereto as Exhibit D).  Counsel were, however, fortunate to make contact with detainee Alhag's family members, who supplied a letter sent from Guantánamo written by detainee Alhag listing his ISN number.  After counsel related this ISN number to Respondents, Respondents confirmed that a detainee by that very name was being held at Guantánamo Bay.  *See* February 9, 2006 E-mail from Preeya M. Noronha (attached hereto as Exhibit E).  Unfortunately, counsel are not able to use a similar approach in this case because they lack any contact information for Mr. Al Asoriya's family.

In light of the circumstances, Counsel for Petitioner must continue to zealously represent Mr. Al Asoriya unless and until the Government can meet its burden of establishing that Petitioner Al Asoriya and Petitioner Alsaaei are the same individual.

Dated:     April 6, 2006                             Respectfully submitted,

/s/  Frank C. Razzano_____
Frank C. Razzano (DC360173)
David L. Engelhardt (DC429886)
Johnisha Matthews (DC492478)
John C. Snodgrass (DC473864)
Reginald B. McKnight (DC493946)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street N.W.
Washington, D.C. 20037
Tel: (202) 785-9700
Fax: (202) 887-0689

*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Tina Monshipour Foster (NY5556)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument and all attachments have been served on Respondents' by ECF and a copy of all instruments have been emailed to the following persons:

>**Terry M. Henry, Esq.**
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., NW, Room 6120
>Washington, DC 20530
>and
>
>**Andrew I. Warden**
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., NW, Room 6120
>Washington, DC 20530

On this the 6th day of April, 2006

/s/ Reginald B. McKnight_____
Reginald B. McKnight