*APPROVED FOR PUBLIC FILING BY CSO*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SALAH ALI ABDULLAH AHMED AL SALAMI**, *et al.*,     *Petitioners/Plaintiffs*, <br><br> *v.* <br><br><br> **GEORGE W. BUSH**, *et al.*,     *Respondents/Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 05-CV-2452 (PLF) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PETITIONER'S REPLY MEMORANDUM
### IN FURTHER SUPPORT OF MOTION FOR PRESERVATION ORDER

Petitioner has demonstrated the need for a preservation order and shown that such an order would not pose an undue burden upon Respondents. In rebuttal, Respondents rely primarily upon arguments that the Supreme Court and this Court previously rejected. Respondents also fail to resolve the troubling issues associated with their management of evidence relating to the detention and alleged death of Petitioner.

Finally, despite Petitioner's alleged death, the Court retains jurisdiction over this Petition and the evidence relevant to it, in large part because Respondents have not yet shown that Petitioner *is* dead, let alone freed from unlawful detention. Indeed, in a related filing in this matter, Respondents essentially conceded this Court's jurisdiction to enter orders concerning the very evidence at issue.

## I.   INTRODUCTION

Respondents seek, above all, to prevent this Court from considering the evidence relevant to Petitioner's claims. Thus, despite the Supreme Court's explicit ruling to the contrary, Respondents continue to rely on the Detainee Treatment Act in attempting to strip this Court of

jurisdiction. Respondents also suggest that the habeas petition was mooted by the alleged death

of Petitioner, but *have not moved to dismiss*, nor provided sufficient evidence of death to justify a

dismissal. In any event, certain of Petitioner's claims would survive his death, and the only issue

properly before the court is the handling and preservation of evidence.

Even after the alleged suicides of three detainees in Guantánamo, one of whom is alleged

to be Petitioner, Respondents have continued to deny Petitioner's counsel access to any evidence

about Petitioner's detention, the circumstances of his alleged death, or even documentation of his

death. Absent the Court's intervention, that very evidence is at risk of destruction or loss,

according only to the whim of Respondents. A preservation order is both reasonable and

necessary, and Respondents cannot in good faith claim that it would pose an undue burden.

## II.    ARGUMENT

### A. This Court has subject matter jurisdiction.

This Court retains jurisdiction to hear this Petition, including this Motion. Respondents

argue that the Detainee Treatment Act of 2005, 119 Stat. 2680, ousts this Court of subject matter

jurisdiction over this action. This argument was squarely rejected in *Hamdan v. Rumsfeld*, \_\_\_\_

U.S. \_\_\_\_, 2006 WL 1764793 (June 29, 2006). There, the Supreme Court held that the Detainee

Treatment Act does not apply to cases filed before its enactment. *Id*. at 13-16 and n.15.[1] This

action was filed on September 19, 2005, well before the December 30, 2005 enactment of the

Detainee Treatment Act. Judge Roberts of this Court recently held that the cited portions of

*Hamdan* "made clear that this [district] court retains jurisdiction" over a habeas petition

---

[1] "Ordinary principles of statutory construction suffice to rebut the Government's theory—at least insofar as this case, which was pending at the time the DTA was enacted, is concerned." *Hamdan v. Rumsfeld*, 548 U.S. \_\_, slip op. at 11 (2006).

indistinguishable from the one here. *Hamoud v. Bush et al.,* No. 05-1894, Order, July 5, 2006, at n.1 (Dkt. No. 23).

Respondents also argue that this Petition is in substance a challenge to a determination of a Combat Status Review Tribunal ("CSRT") at Guantánamo and therefore subject to exclusive review in the Court of Appeals for the District of Columbia Circuit. *See* Opp. at pp. 2-3 n.3. The Petition in this case simply does not challenge any CSRT proceedings. Indeed, Respondents have not shown that Petitioner ever had the benefit of a CSRT determination – nor any other Due Process.

Finally, in Respondents' Motion For Procedures Related to Review of Certain Detainee Materials (Dkt. No. 24-1), filed July 7, 2006, at pp. 16, 21-22, Respondents invoke the jurisdiction of this Court to approve certain procedures for handling evidence relevant to the alleged death of Petitioner himself, along with 1100 pounds of additional evidence they have brought within the Court's jurisdiction. Indeed, Respondents there argue that the Court may issue orders as necessary to protect the security of the Guantánamo facility and the safety of the detainees; Respondents specifically contend that the Court's power extends to the handling of precisely the same evidence at issue here. There is thus no legitimate dispute concerning the Court's jurisdiction over this evidence.

**B. Petitioner's habeas action continues until Respondents offer proof of Petitioner's death and, in any event, certain of Petitioner's claims survive death.**

Respondents assert that Petitioner is dead and that these actions "have no ongoing viability," Dkt. No. 23, at 4-5, but Respondents have not moved to dismiss for mootness, presumably because they have no proof of death (such as a death certificate or a report of the autopsy purportedly conducted over one month ago). Given the past confusion over Petitioner's

identity, *see* Motion at 4, the Court should disregard the allegation of death unless and until proof

is filed.[2]

In any event, even if proof of Petitioner's death ultimately is filed, certain of Petitioner's

claims would survive, including claims for violations of the United States Constitution.  *See* Al

Salami First Amended Petition of Habeas Corpus at 19-30.  The Supreme Court has held that

victims of constitutional violations by agents of the United States government have a cause of

action inferred directly from the Constitution, *Bivens v. Six Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and that such actions under *Bivens* survived the

death of the plaintiff, *Carlson v. Green*, 446 U.S. 14, 24 (1980).  D.C. Circuit opinions that have

followed *Carlson* in allowing survival of federal actions have not expressly required a causal

connection between the alleged violations and the plaintiff's death.[3]  *See Mallick v. Int'l*

*Brotherhood of Electrical Workers*, 814 F.2d 674 (1987); *Sinito v. Dept. of Justice*, 176 F.3d 512

(1999).

The Supreme Court has recognized that a "*uniform* rule that [*Bivens* claims] survive the

decedent's death is essential if we are not to 'frustrate in an important way the achievement' of

the goals of *Bivens* actions."  *Carlson*, 446 U.S at 25 (emphasis added) (quoting *Auto Workers v.*

*Hoosier Cardinal Corp.*, 383 U.S. 696, 702 (1966)).  Here, a determination of causation is not

---

[2] The only "factual" support for Respondents' assertion of death is an unsworn news article by the Armed Forces Press Service, cited at Opposition, n.3.  It fails even to identify the deceased detainees by name.

[3] According to Respondents, Petitioner took his own life by hanging himself.  The constitutional violations asserted in the habeas petition clearly could have contributed to Petitioner's alleged death by, for example, causing severe mental anguish leading to suicide.  However, because of the paucity of information concerning Petitioner's detention and alleged death – precisely the evidence that should be preserved here – it is impossible to determine how Respondents' constitutional violations may have contributed to Petitioner's alleged death.

immediately possible, and should not be required, given Respondents' unilateral control of the evidence.[4]

### C. Petitioner has made the requisite showing for issuance of a preservation order.

The circumstances of this case uniquely warrant the issuance of a preservation order. Petitioner has shown that the order is both necessary and not unduly burdensome. Respondents do not dispute the proposition that evidence relating to the alleged suicides should not be destroyed. Nor do they dispute the disappearance of documents or the existence of a cover-up at Guantánamo. Respondents' Opposition, Dkt. No. 23, at 9-10. Rather, Respondents ask Petitioner and the Court to take Respondents at their word. They claim a willingness to preserve evidence, but offer nothing enforceable. The cloak of secrecy that has defined the Navy's investigation, compounded by media reports raising serious concerns about the circumstances of the alleged deaths, poses the genuine risk of the alteration or destruction of evidence.

For example, although the Navy purportedly conducted an autopsy of a body, alleged to be Petitioner's, the results have failed to make their way to the Court, to Petitioner's counsel, or – to the knowledge of Petitioner's counsel – to Petitioner's family and the Yemeni government, despite having been promised by June 30, 2006. Whether the autopsy results are being deliberately suppressed or altered, or have been lost or misdirected, such treatment of evidence in a case that is "the subject of intense interest and scrutiny" around the globe, Respondents' Opposition, Dkt. No. 23, at 8, mandates court intervention. As Judge Roberts of this Court has noted, "a preservation order in habeas proceedings, particularly in proceedings such as these where there has been no full disclosure of the facts on the public record to authorize the

---

[4] Petitioner also asserted claims under the Alien Tort Statute, 28 U.S.C. § 1350, which also may survive death. *See In re Estate of Marcos*, 25 F.3d 1467, 1476 (9th Cir. 1994) (holding that alien tort claims are similar to *Bivens* claims for purposes of determining survivorship, and refusing to abate such claims upon the death of a party).

challenged detention, is not superfluous or unnecessary." *El-Banna v. Bush*, No. Civ.A. 04-1144(RWR), Civ.A. 05-23(RWR), 2005 WL 1903561, at *1 (D.D.C. July 18, 2005) (granting preservation order in part in Guantánamo detainee case).

Finally, Respondents argue that the requested preservation order is unduly burdensome because it goes beyond "what might otherwise be permissible in traditional discovery." Respondents' Opposition, Dkt. No. 23, at 10. This Court rejected the same argument in *El-Banna*, where Judge Roberts clarified that "[t]o the contrary, 'the power of inquiry on federal habeas corpus is plenary' and its exercise depends entirely on the circumstances." 2005 WL 1903561, at *2 (quoting *Harris v. Nelson*, 394 U.S. 296 (1969)). Judge Roberts was equally dismissive of Respondents' argument that they somehow are being deprived of the right to litigate objections to specific discovery requests; this argument simply misses the point, "mistakenly equat[ing] preservation obligations with production obligations" and ignoring the fact that Respondents will have the opportunity to litigate requests for production in the future. *Id.* at n.4. Respondents also argue that, given the international attention paid to these cases, they would not fail to preserve evidence. *See* Respondents' Opposition, Dkt. No. 23, at 8. If that is true, the requested order, which seeks only to bind Respondents to their word, cannot possibly constitute an undue burden.

## III.    CONCLUSION

For the reasons stated, this Court should issue the preservation order.

Dated:      July 26, 2006                    Respectfully submitted,


                                             /s/ David L. Engelhardt_____
                                             DICKSTEIN SHAPIRO LLP
                                             Frank C. Razzano (DC360173)
                                             David L. Engelhardt (DC429886)
                                             Reginald B. McKnight (DC493946)
                                             John C. Snodgrass (DC473864)
                                             Johnisha Matthews (DC492478)
                                             Lisa M. Kaas (DC492302)
                                             1825 Eye Street NW
                                             Washington, DC 20006-5403
                                             Telephone:  (202) 420-2200
                                             Facsimile:  (202) 420-2201

                                             *Of Counsel*
                                             CENTER FOR CONSTITUTIONAL RIGHTS
                                             Barbara J. Olshansky (NY0057)
                                             Director Counsel
                                             Tina Monshipour Foster (NY5556)
                                             Gitanjali S. Gutierrez (NY1234)
                                             666 Broadway, 7th Floor
                                             New York, New York 10012
                                             Tel: (212) 614-6439
                                             Fax: (212) 614-6499

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of July, 2006, a true and correct copy of the

foregoing document was electronically filed with the Court after having been cleared for public

filing by the U.S. Department of Justice Court Security Office, who served the following

persons:

> Terry M. Henry, Esq.
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 6120
> Washington, DC 20530
>
> Andrew I. Warden
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave., NW, Room 6120
> Washington, DC 20530

 /s/ Lisa M. Kaas
Lisa M. Kaas
