IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SALAH ALI ABDULLAH AHMED AL SALAMI, et al., | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-2452 (PLF) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' MOTION FOR LEAVE TO FILE A
SURREPLY BRIEF IN SUPPORT OF THEIR OPPOSITION TO
PETITIONERS' MOTION FOR PRESERVATION ORDER**

Petitioners have moved this Court for a preservation order, seeking to require respondents to preserve, "all evidence relating to [petitioner's] death, his detention, the reasons for his detention, any interrogations of him, his treatment and potential mistreatment, along with any and all other evidence sufficient to test the veracity of any official documentation of death produced by Respondents." Respondents filed an opposition to the motion, and petitioners have filed a reply in support of their motion.

Respondents' respectfully seek leave to file the attached surreply brief to address several points that were raised for the first time in petitioners' reply memorandum in support of their motion for protective order. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Groobert v. President and Directors of Georgetown College, 219 F. Supp.2d 1, 13 (D.D.C. 2002) (internal citations and quotation marks omitted) (Urbina, J.).

In this case, petitioners raise for the first time in their reply memorandum, denying Respondents' the opportunity to address and oppose those issues.

In their reply memorandum in support of the motion for a preservation order, petitioner's counsel asserts for the first time the legally unsupported argument that the habeas petition filed in this case includes a <u>Bivens</u> action supporting a preservation order.  <u>See</u> Pets' Reply at 4.  In addition, respondents believe it is necessary to respond to disingenuous statements in petitioner's reply regarding the status of petitioner Al Salami and proof of his death.  This is exactly the type of situation in which a surreply is proper.  Accordingly, Respondents respectfully asks the Court to accept the attached surreply and consider it when ruling on petitioners' motion for preservation order.

Counsel for the parties conferred regarding this request as required by LCvR 7.1(m). Petitioners' counsel indicated that petitioners consent to this motion.

Dated: August 9, 2006 Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


  /s/ James J. Schwartz
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202) 616-8267
Fax:  (202) 616-8202

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SALAH ALI ABDULLAH AHMED AL SALAMI, et al., | ) ) ) ) |  |
| Petitioners, | ) ) |  |
| v. | ) ) ) | Civil Action No. 05-CV-2452 (PLF) |
| GEORGE W. BUSH, President of the United States, *et al.,* | ) ) ) ) ) |  |
| Respondents. | ) ) |  |

**RESPONDENTS' SURREPLY IN SUPPORT OF THEIR
OPPOSITION TO PETITIONERS' MOTION FOR PRESERVATION ORDER**[1]

In their reply memorandum in support of the motion for a preservation order, petitioner's counsel asserts for the first time the legally unsupported argument that the habeas petition filed in this case includes a <u>Bivens</u> action supporting a preservation order.  <u>See</u> Pets' Reply at 4.  In addition, respondents believe it is necessary to respond to disingenuous statements in petitioner's reply regarding the status of petitioner Al Salami and proof of his death.

First, petitioner's counsel asserts that the habeas corpus claims in this case are now transformed into a suit for damages against individual defendants for alleged Constitutional violations, and that those claims survive the death of petitioner, justifying the need for a preservation order.  <u>See</u> Pets' Reply at 4.  If petitioners were entitled to any remedy against respondents in their individual capacities, which they are not, such a remedy is potentially

---

[1] To update this Court regarding argument in the D.C. Circuit in the pending Guantanamo Bay detainee appeals, the Court of Appeals recently ordered supplemental briefing to be completed by August 15, 2006, on the impact of the decision in <u>Hamdan v. Rumsfeld</u>, 548 U.S. ___, 126 S. Ct. 2749 (2006), on the pending appeals.

available pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971), in which the Supreme Court held that a damages suit could be maintained against federal agents in their individual capacities for alleged violations of an individual's constitutional rights. However, petitioners cannot conjure a Bivens claim from their petition for habeas corpus as they have not properly raised, or perfected a Bivens claim for damages against defendants in their individual capacities. Thus, such a claim is no basis upon which to justify jurisdiction to enter a preservation order in the present case.

Petitioners have brought a habeas corpus case, the purpose of which is to challenge the legality of their detention. There is no indication in the petition that petitioners were asserting a Bivens claim. Only injunctive and declaratory relief is sought. Further, all of the respondents are sued in their official capacity only. See, Petition §§5-8. Moreover, there has been no personal capacity service on any of the respondents. Accordingly, petitioners cannot purport to justify the need for a preservation order by improperly, and without any basis, asserting that their habeas corpus petition challenging their detention includes a Bivens claim seeking damages against individual government actors in their individual capacities for alleged constitutional violations.[2]

The second issue raised in petitioners' reply that necessitates this sur-reply is the assertion that this Court should disregard the allegation of petitioner's death "unless and until proof is filed." See Pets' Reply Mem. at 3-4. This assertion ignores the facts of this case and demonstrates a lack of sincerity by petitioners' counsel who owe at least some duty of candor to

---

[2] For similar reasons, petitioners' Alien Tort Statute claim, which does not seek damages relief against individuals, but rather challenges and seeks correction of alleged conduct to which petitioner is no longer subject, like petitioner's other habeas claims, would not have ongoing viability or support the preservation order requested by petitioners. See Resp' Opp. to Mot. for Preservation Order (dkt. no. 20 ) at 4-5.

this Court to consult with their clients and determine the facts before making this type of assertion.

As stated in respondents opposition, the bodies of the deceased detainees have been repatriated, in petitioner's case to the Kingdom of Saudi Arabia, and, respondents believe, provided by the home governments to the detainees' families for identification and burial. See Resps' Opp. at n. 3. Statements such as those made in petitioners reply brief questioning whether petitioner is actually deceased, ignore the fact that petitioners' counsel have stated that they represent the family of the petitioner in this action. See Pets' Emergency Mot. For Preserv. Order and Points of Authority in Support Thereof at 1. If that is the case, rather than continuing to question whether petitioner is dead, petitioners' counsel, at the very least, owe a duty to confer with the family to confirm that petitioner's body has been repatriated.[3]

---

[3] Based on the information provided to respondents by petitioners' counsel through the petition, respondents previously identified the petitioners' counsels' client as Saleh Ali Abdullah Al Salami (ISN 693), who respondents have confirmed is deceased, filing a notice with this Court regarding his death. See Al Salami Notice (dkt. no. 16). If the identification of their client in this case was not correct, petitioners' counsel must notify respondents.

## **CONCLUSION**

For the reasons stated in respondents initial opposition and the reasons stated herein, respondents respectfully request that petitioners' motion for preservation order be denied.

Dated: August 9, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


  /s/ James J. Schwartz
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202) 616-8267
Fax:  (202) 616-8202

Attorneys for Respondents