IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALAH ALI ABDULLAH AHMED AL SALAMI, et al.,<br><br>    Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>    President of the United States,<br>    *et al.,*<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-CV-2452 (PLF) |

**RESPONDENTS' SURREPLY IN SUPPORT OF THEIR
OPPOSITION TO PETITIONERS' MOTION FOR PRESERVATION ORDER**[1]

In their reply memorandum in support of the motion for a preservation order, petitioner's

counsel asserts for the first time the legally unsupported argument that the habeas petition filed in

this case includes a <u>Bivens</u> action supporting a preservation order.  <u>See</u> Pets' Reply at 4.  In

addition, respondents believe it is necessary to respond to disingenuous statements in petitioner's

reply regarding the status of petitioner Al Salami and proof of his death.

First, petitioner's counsel asserts that the habeas corpus claims in this case are now

transformed into a suit for damages against individual defendants for alleged Constitutional

violations, and that those claims survive the death of petitioner, justifying the need for a

preservation order.  <u>See</u> Pets' Reply at 4.  If petitioners were entitled to any remedy against

respondents in their individual capacities, which they are not, such a remedy is potentially

---

[1] To update this Court regarding argument in the D.C. Circuit in the pending Guantanamo Bay detainee appeals, the Court of Appeals recently ordered supplemental briefing to be completed by August 15, 2006, on the impact of the decision in <u>Hamdan v. Rumsfeld</u>, 548 U.S. ___, 126 S. Ct. 2749 (2006), on the pending appeals.

available pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>,

403 U.S. 388, 396-97 (1971), in which the Supreme Court held that a damages suit could be

maintained against federal agents in their individual capacities for alleged violations of an

individual's constitutional rights.  However, petitioners cannot conjure a <u>Bivens</u> claim from their

petition for habeas corpus as they have not properly raised, or perfected a <u>Bivens</u> claim for

damages against defendants in their individual capacities.  Thus, such a claim is no basis upon

which to justify jurisdiction to enter a preservation order in the present case.

Petitioners have brought a habeas corpus case, the purpose of which is to challenge the

legality of their detention.  There is no indication in the petition that petitioners were asserting a

<u>Bivens</u> claim.  Only injunctive and declaratory relief is sought.  Further, all of the respondents are

sued in their official capacity only.  <u>See</u>, Petition §§5-8.  Moreover, there has been no personal

capacity service on any of the respondents.  Accordingly, petitioners cannot purport to justify the

need for a preservation order by improperly, and without any basis, asserting that their habeas

corpus petition challenging their detention includes a <u>Bivens</u> claim seeking damages against

individual government actors in their individual capacities for alleged constitutional violations.[2]

The second issue raised in petitioners' reply that necessitates this sur-reply is the assertion

that this Court should disregard the allegation of petitioner's death "unless and until proof is

filed."  See Pets' Reply Mem. at 3-4.  This assertion ignores the facts of this case and

demonstrates a lack of sincerity by petitioners' counsel who owe at least some duty of candor to

this Court to consult with their clients and determine the facts before making this type of

_____

[2] For similar reasons, petitioners' Alien Tort Statute claim, which does not seek damages
relief against individuals, but rather challenges and seeks correction of alleged conduct to which
petitioner is no longer subject, like petitioner's other habeas claims, would not have ongoing
viability or support the preservation order requested by petitioners.  <u>See</u> Resp' Opp. to Mot. for
Preservation Order (dkt. no. 20 ) at 4-5.

assertion.

As stated in respondents opposition, the bodies of the deceased detainees have been

repatriated, in petitioner's case to the Kingdom of Saudi Arabia, and, respondents believe,

provided by the home governments to the detainees' families for identification and burial.  See

Resps' Opp. at n. 3.  Statements such as those made in petitioners reply brief questioning whether

petitioner is actually deceased, ignore the fact that petitioners' counsel have stated that they

represent the family of the petitioner in this action.  See Pets' Emergency Mot. For Preserv.

Order and Points of Authority in Support Thereof at 1.  If that is the case, rather than continuing

to question whether petitioner is dead, petitioners' counsel, at the very least, owe a duty to confer

with the family to confirm that petitioner's body has been repatriated.[3]

---

[3] Based on the information provided to respondents by petitioners' counsel through the petition, respondents previously identified the petitioners' counsels' client as Saleh Ali Abdullah Al Salami (ISN 693), who respondents have confirmed is deceased, filing a notice with this Court regarding his death.  See Al Salami Notice (dkt. no. 16).  If the identification of their client in this case was not correct, petitioners' counsel must notify respondents.

**CONCLUSION**

For the reasons stated in respondents initial opposition and the reasons stated herein,

respondents respectfully request that petitioners' motion for preservation order be denied.

Dated:  August 10, 2006                    Respectfully submitted,

                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           DOUGLAS N. LETTER
                                           Terrorism Litigation Counsel


                                             /s/ James J. Schwartz
                                           JOSEPH H. HUNT (D.C. Bar No. 431134)
                                           VINCENT M. GARVEY (D.C. Bar No. 127191)
                                           TERRY M. HENRY
                                           JAMES J. SCHWARTZ (D.C. Bar No. 468625)
                                           PREEYA M. NORONHA
                                           ROBERT J. KATERBERG
                                           NICHOLAS J. PATTERSON
                                           ANDREW I. WARDEN
                                           EDWARD H. WHITE
                                           Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Ave., N.W.  Room 7310
                                           Washington, DC  20530
                                           Tel:  (202) 616-8267
                                           Fax:  (202) 616-8202

                                           Attorneys for Respondents